[Cite as *State v. Kelly*, 2011-Ohio-2555.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | W. Scott Gwin, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 2010CA00222 |
| | : | |
| | : | |
| SARAH KELLY | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:        Criminal Appeal from Stark County
                                Court of Common Pleas Case No.
                                2009CR1890

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         May 23, 2011

APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JOHN D. FERRERO                             TAMMI R. JOHNSON
Prosecuting Attorney                        Stark County Public Defender's Office
Stark County, Ohio                          200 W. Tuscarawas Street, Ste. 200
                                            Canton, Ohio  44702
BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South, Ste. 510
Canton, Ohio  44702-1413

*Edwards, J.*

{¶1} Appellant, Sarah Kelly, appeals a judgment of the Stark County Common Pleas Court overruling her motion to withdraw her guilty plea to identity fraud (R.C. 2913.49(B)(1)) and misuse of credit cards (R.C. 2913.21(B)(2)). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} According to the Bill of Particulars and discovery filed by the State in the instant case, from September 1, 2009, to November 21, 2009, appellant used the driver's license and social security number of Michelle Krantz without Krantz's permission. Appellant admitted to using the operator's license and social security card. Appellant also used Krantz's credit card to pay her cell phone bill. In a written statement to police, appellant stated that while vacationing with her friend Amy in South Carolina, Amy gave her Krantz's credit card number to pay her cell phone bill. She stated that Amy told her Greg and Sandy Krantz were aware that she used Michelle's credit card and were fine with her paying them back slowly or doing work on their house to pay them back. Appellant stated that "apparently" the credit card company saved the number and charged the card again. She also admitted to using Krantz's identification, claiming her friend Amy told her that it belonged to her future sister-in-law, and she wanted her to use it to help drive to and from South Carolina.

{¶3} Appellant was indicted by the Stark County Grand Jury with one count of identity fraud and one count of misuse of credit cards. On January 26, 2010, she pleaded guilty to the charges. On February 19, 2010, appellant failed to appear for a

sentencing hearing and a capias was issued for her arrest. She was arrested and returned to the court for sentencing on June, 14, 2010.

{¶4} At the sentencing hearing, appellant made an oral motion to withdraw her plea, claiming she had permission to use the identity information and credit card and, therefore, was not guilty. The trial court denied her motion, stating that he was satisfied that her plea was knowing, intelligent and voluntary. The court further indicated that she did not appear for her sentencing hearing and a capias had to be issued for her arrest. He also noted that after entering the plea of guilty, she committed the crime of escape in Summit County.

{¶5} The judge then proceeded to sentencing. Appellant continued to maintain that she had the permission of the victims but they apparently changed their mind. She also stated that she wanted to be a part of her sister's wedding party in August and asked the judge to take that into consideration. She also stated that if the court "did happen to sentence" her, she'd like a long enough sentence to take advantage of a program in Marysville because "if I am sentenced to like 12 months or less, I think, I am not able to take advantage of anything, to my understanding." Tr. 8.

{¶6} Appellant was sentenced to eleven months incarceration for identity fraud and six months incarceration for misuse of a credit card, to be served concurrently with each other but consecutively to the prison term imposed by Summit County, for a total term of seventeen months incarceration. She assigns a single error:

{¶7} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO WITHDRAW HER GUILTY PLEA."

{¶8}    Appellant concedes in her brief the court complied with Crim. R. 11 in accepting her plea.   However, she argues generally that motions to withdraw a plea prior to sentencing should be liberally granted, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715.

{¶9}    In *Xie*, the Ohio Supreme Court held:

{¶10}   "We agree that a presentence motion to withdraw a guilty plea should be freely and liberally granted. Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea. In this case, the trial court held such a hearing, at which it carefully considered Xie's motion and all the circumstances surrounding the entering of the plea. Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed. For us to find an abuse of discretion in this case, we must find more than an error of judgment. We must find that the trial court's ruling was 'unreasonable, arbitrary or unconscionable.' *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 149." Id. at 527.

{¶11}   The Ohio Supreme Court found that the trial court in *Xie* did not abuse its discretion in overruling the motion to withdraw a plea prior to sentencing where the defendant was given misinformation about parole eligibility.

{¶12}   In the instant case, the court did not abuse its discretion in overruling appellant's oral motion to withdraw her plea.   While she represented to the court that she had permission to use the identity and credit card of the victim, she presented no

witnesses or other evidence to support her claim. She committed another crime between her plea and sentencing hearings, and failed to appear for sentencing.

{¶13} The assignment of error is overruled.

{¶14} The judgment of the Stark County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and

Farmer, J. concur

_____

_____

_____

JUDGES

JAE/r0208

[Cite as *State v. Kelly*, 2011-Ohio-2555.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                         :
                                      :
                Plaintiff-Appellee    :
                                      :
                                      :
-vs-                                  :        JUDGMENT ENTRY
                                      :
SARAH KELLY                           :
                                      :
                Defendant-Appellant   :        CASE NO. 2010CA00222


   For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.


_____

_____

_____

                                            JUDGES